UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | ) | |
|---|---|---|
| LII CHU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil No. |
| v. | ) | 13-13038-FDS |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

**I.    Background**

This is a *pro se* civil rights action arising out of purported electronic surveillance by the United States government.  Plaintiff Lii Chu is a resident of Wellesley, Massachusetts.  She has brought suit against the United States, alleging violations of the Fourth Amendment and the federal wiretap statute, 18 U.S.C. §§ 2510-22 ("Title III").  The United States has moved to dismiss the complaint under Fed. R. Civ. P. 12(b)(6).

The amended complaint, in substance, alleges the following.  The federal government helps China conduct "political abuse" of individuals in the United States.  As part of this political abuse, "an electronic surveillance device" was installed in Chu's house.  The government did not comply with Title III in conducting that surveillance.  The government also hired "civilian monitors" and allowed them to enter Chu's house "day or night."

## II. Analysis

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted).

The complaint contains no information providing a plausible basis for a belief that plaintiff has actually been the subject of surveillance. Nor does it indicate how plaintiff was surveilled, why she would be the target of surveillance, who the "civilian monitors" who entered her property were, or what "political abuse" the United States and China were engaging in. It merely asserts, in conclusory terms, that plaintiff's Fourth Amendment rights were violated by illegal surveillance. Those "bare assertions . . . amount to nothing more than a formulaic recitation of the elements of a constitutional tort, and are insufficient to push . . . plaintiff[' s] claim beyond the pleadings stage." *Maldonado v. Fontanes*, 568 F.3d 263, 274 (1st Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). The complaint's well-pleaded facts therefore do not "possess enough heft to show that plaintiff is entitled to relief." *Ruiz Rivera v. Pfizer Pharm., LLC*, 521 F.3d 76, 84 (1st Cir. 2008) (quotations and original alterations omitted).

Accordingly, defendant's motion to dismiss will be granted.[1]

### III. Conclusion

For the foregoing reasons, defendant's motion to dismiss is GRANTED.

**So Ordered.**


/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated: May 1, 2014                          United States District Judge

---

[1] Defendant also points out that plaintiff cannot sue the federal government for civil rights violations under 42 U.S.C. § 1983. While that is true, "[a]n individual may vindicate a proven violation of his or her right to be free from unreasonable searches through a *Bivens* action." *DeMayo v. Nugent*, 517 F.3d 11, 15 (1st Cir. 2008).

3